# D N Z
## DORF NELSON & ZAUDERER LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

June 16, 2026

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/17/2026_

Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:  *Pulcini v. Xtremepush, LLC*, **26-cv-02882-NSR-JCM**

Dear Judge Román:

As counsel for Plaintiff Amanda Pulcini, we write to oppose Defendant's request for leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's proposed motion would be frivolous because, among other things, Defendant disregards settled precedent, misinterprets and/or misapplies controlling statutes, and relies on documents that are not part of the record and are irrelevant to the issues at hand.

This is a simple case.  Plaintiff was an account manager for Defendant.  (Plaintiff's First Amended Complaint ("FAC")(Dkt. No. 13) ¶ 6)  Following her return from maternity leave, Defendant refused to pay her full earned commissions.  (FAC ¶ 12)  Plaintiff then engaged the protected activity of complaining to Defendant's senior management about her unpaid wages (FAC ¶ 18), and less than two months later, Defendant retaliated by firing her (FAC ¶ 21).  Plaintiff then engaged in further protected activity by commencing this lawsuit (FAC ¶ 43) and Defendant again retaliated by asserting frivolous counterclaims in its answer (FAC ¶ 47).[1]  The FAC asserts claims for unpaid wages and retaliation under New York State Law.

In its proposed motion to dismiss Plaintiff's claim for unpaid wages under New York Labor Law (Count I), Defendant represents that NYLL §191 and §193 only govern the frequency of payments and deductions from wages, and not the "wholesale withholding of commissions."  Defendant is wrong on the facts, as the FAC does allege a deduction from wages. (FAC ¶ 13)("Although Plaintiff had earned a commission of $10,238 for the third quarter of 2025, Xtremepush paid her only $5,881.")  More importantly, Defendant is wrong on the law.  NYLL § 193(5), added to the law by the No Wage Theft Loophole Act, expressly states that "[t]here is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements." *See also, Patel v.*

*See* **Pg. 3**

---

[1] Defendant had filed an answer (Dkt. No. 12) to the initial complaint.  Rule 12(b) requires that a party move to dismiss before filing a responsive pleading, but courts have allowed motions to dismiss amended complaints, notwithstanding a prior answer, if the amended complaint adds new factual allegations. *See*, *Ahmad v. Day*, 2023 WL 3847144 at *1 n.1 (S.D.N.Y June 6, 2023). Plaintiff's FAC added retaliation claims based on the frivolous counterclaims, but did not add new factual allegations relating to Counts I or II.

New York | California | New Jersey

Honorable Nelson S. Román
June 16, 2026
Page 2

*Maybank Kim Eng Securities USA Inc.*, 246 A.D. 3d 104, 107 (1st Dept. 2025)("The purpose of the [No Wage Theft Loophole] Act was to clarify 'that Article 6 of New York's Labor Law completely and without exception prohibits lack of distribution of earned wages,'" (*quoting* Senate Introducer's Mem in Support, Bill Jacket, L 2021, ch 397 at 5)).

Defendant next argues that Plaintiff's claim for retaliatory discharge in violation of NYLL § 215 (Count II) fails to state a claim because "Plaintiff has not alleged any conduct on the part of the Company that can be reasonably construed as violating either section of the Labor Law."  This derivative argument fails because withholding commissions – in whole or in part - violates NYLL § 193(5).  Defendant also insists that it terminated Plaintiff for poor job performance, and would seek to introduce performance evaluations and other supposed evidence to support its motion to dismiss. This is irrelevant.  On a motion to dismiss, the Court looks at whether Plaintiff states a claim, not whether she can prove it.  Defendant's alternative justification argument may be a non-retaliatory reason for the termination, and Defendant may assert that as a defense, but an explanation is not a basis to dismiss for failure to state a claim.[2]

With respect to Count III, retaliation for asserting frivolous counterclaims, Defendant seeks dismissal on the grounds that it asserted its counterclaims three months after Plaintiff's termination, so it could not chill Plaintiff's exercising of her rights as an employee.  But anti-retaliation laws protect more than a current employee.  Defendant's frivolous counterclaims and the financial burden they cause will dissuade other workers from bringing similar claims against Defendant.  Thus, in many cases, former employees were permitted to assert retaliation claims based on post-employment conduct, including frivolous counterclaims.  See, e.g., *Santi v. Hot in Here Inc.*, 2019 WL 29015 (S.D.N.Y. Jan. 22, 2019)("the filing of counterclaims, even if compulsory, may constitute retaliatory action.")(citation cleaned up); *Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 162 (E.D.N.Y. 2002)(Noting that "[t]he Court is deeply troubled by DiMarzio's $500,000 counterclaim, which appears to be nothing more than a naked form of retaliation against Jacques .. for filing her lawsuit" and requiring Defendant "to submit legal authority and evidence to justify its counterclaim, if it can, and to explain why Rule 11 sanctions should not be imposed.")

Defendant's argument to dismiss Plaintiff's claim of retaliation in violation of NYLL § 740 (Count IV), is again based on a misreading of the statute.  Defendant represents that §740 "requires the Plaintiff to 'reasonably believe[]' that the employer's conduct … 'poses a substantial and specific danger to the public health or safety[.]'"  That is inaccurate.  The statute prohibits retaliation when an employee discloses "an activity … that the employee reasonably believes is in violation of law, rule or regulation **or** that … poses a substantial and specific danger to the public health or safety." By filing her complaint disclosing a violation of NYLL, Plaintiff engaged in activity protected by § 740 whether or not that activity poses a danger to public health or safety.

---

[2] Furthermore, even if Defendant proves that defense at trial, it would not necessarily defeat the claim because Plaintiff could still establish that her protected activity was a contributing factor. *See, e.g.*, *Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353, 363 (S.D.N.Y. 2016)("Termination for cause … does not preclude a jury from later finding that [the plaintiff] was also terminated at least in part because of [discriminatory reasons].")

Honorable Nelson S. Román
June 16, 2026
Page 3

Finally, in what seems to be a throw-away sentence in its summary, Defendant asserts that the Complaint does not plausibly establish a causal connection between Plaintiff's protected conduct and the termination decision.  But it is well-settled that at the motion to dismiss stage, a causal connection may be alleged indirectly by showing that retaliation occurred shortly after the protected activity.  Here, less than two months passed between Plaintiff's protected complaint and her discharge, a period brief enough to satisfy the pleadings requirement for a retaliation claim. *Garcia, supra*, 188 F. Supp. 3d at 360. (*"a causal connection may be alleged indirectly by showing temporal proximity between the protected activity and the adverse employment action."*)

In sum, a motion to dismiss on the grounds asserted in Defendant's letter would be a waste of time and resources.  Because a frivolous motion doubles down on the retaliation against Plaintiff by increasing her costs of pursuing her legal rights, and has an *in terrorem* effect on other employees, should Defendant proceed with its motion yet not succeed, Plaintiff requests that she be awarded her attorneys' fees and costs.

Respectfully submitted,

Andrew P. Marks

cc: Michael V. Gattoni, Esq. (via ECF)

**The Court GRANTS Defendants' request seeking leave to file a motion to dismiss the operative complaint.  The Court waives the requisite pre-motion conference and sets the following briefing schedule:**

1) **Defendants' opening papers shall be served (but not filed) on July 17, 2026;**
2) **Plaintiff's opposition papers shall be served (but not filed) on August 17, 2026; and**
3) **Defendants' reply papers shall be served on September 1, 2026.**

**All motion papers are to be filed on the reply date, September 1, 2026.  The parties are directed to mail two physical copies and email an electronic copy to Chambers of each set of motion documents as they are served.**

**Dated: June 17, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge